United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENSIBLE FOODS, LLC, | Case No. 11-2819 SC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |
| v. | |
| WORLD GOURMET, INC.; HAIN GOURMET, INC.; HAIN CELESTIAL GROUP, INC.; WORLD GOURMET MARKETING, LLC; AND SENSIBLE SNACKS, INC., | |
| Defendants. | |

## I.   **INTRODUCTION**

Plaintiff Sensible Foods, LLC ("Plaintiff") brings this action against Defendants World Gourmet, Inc. ("World Gourmet"), Hain Gourmet, Inc. ("Hain Gourmet"), Hain Celestial Group, Inc., ("Hain Celestial"), World Gourmet Marketing, LLC ("WGM"), and Sensible Snacks, Inc. ("Sensible Snacks") (collectively, "Defendants").   ECF No. 1 ("Compl.").   Now before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   ECF No. 14 ("Mot.").   This Motion is fully briefed.   ECF Nos. 22 ("Opp'n")[1], 23 ("Reply").

---

[1] The Court notes that Plaintiff filed its Opposition seven days after the deadline set forth in Civil Local Rule 7-3.  The Court will not tolerate future failures to comply with the Local Rules.

United States District Court

For the Northern District of California

1  For the reasons set forth below, the Court GRANTS IN PART and

2  DENIES IN PART Defendants' Motion.

3

4  **II.  BACKGROUND**

5       As it must on a 12(b)(6) motion to dismiss, the Court takes

6  all well-pleaded factual allegations in the Complaint as true.

7  Plaintiff is engaged in the development and sale of a full line of

8  organic, health, and natural dried fruit and vegetable snacks and

9  related goods.  Compl. ¶ 1.  Plaintiff has continuously used its

10 domain name www.sensiblefoods.com since October 1998 and owns

11 various word and design marks for "Sensible Foods" as well as marks

12 for "Snacks Made Sensible," "Snacking Has Never Been More

13 Sensible," and "Snacking Has Never Been So Sensible" (collectively,

14 "Sensible Foods Marks").  Id. ¶¶ 19-27.  Since 1997, Plaintiff has

15 spent significant sums and devoted significant resources promoting

16 its Sensible Foods Marks worldwide.  Id. ¶ 38.

17      In March 2005, WGM filed with the United States Patent and

18 Trademark Office ("PTO") an application for a mark for protein-

19 based nutrient-dense snack bars and soy-based food bars, among

20 other things.  Id. ¶ 41.  In January 2007, the Commissioner for

21 Trademarks provided World Gourmet with a registration number for

22 the mark "Sensible Portions" in connection with the application.

23 Id. ¶ 53.

24      In June 2007, WGM filed with the PTO an application for the

25 mark "Sensible Snacks" in connection with goods substantially

26 similar to Plaintiff's.  Id. ¶ 54.  In a letter to WGM refusing

27

28 Any documents filed after the applicable deadlines without leave of
   the Court henceforth will not be considered.

**United States District Court**
For the Northern District of California

1   registration, the examining trademark attorney found that the

2   "Sensible Snacks" mark so resembled the Plaintiff's registered mark

3   "as to be likely to cause confusion, to cause mistake or to

4   deceive." <u>Id.</u> ¶ 55.  Defendants did not challenge the examining

5   attorney's findings.  <u>Id.</u> ¶ 64.

6   　　　Plaintiff alleges that Defendants instead "slowly, willfully,

7   incrementally, and maliciously changed Infringing Works . . .

8   mischievously creeping closer and closer through progressive

9   encroachment to Plaintiff's trade dress, packaging, channels of

10  distribution, publication, as well as its [Sensible Foods Marks]."

11  <u>Id.</u> ¶ 65.  Plaintiff alleges that consumers, businesses, and other

12  members of the public have confused Plaintiff's and Defendants'

13  products, to the detriment of Plaintiff's business, and provides

14  numerous examples of alleged confusion, including many emails

15  allegedly sent to Plaintiff instead of Defendants and charges

16  allegedly billed to Plaintiff instead of Defendants.  <u>Id.</u> ¶¶ 86-

17  114.

18  　　　WGM has registered the domain names www.sensibleportions.com,

19  www.soycrisps.com, and www.wgourmet.com.  <u>Id.</u> ¶¶ 80-82.  The public

20  is redirected to www.sensibleportions.com when either

21  www.soycrisps.com or www.wgourmet.com is entered into an internet

22  browser.  <u>Id.</u> ¶¶ 80-81.  Plaintiffs allege that Defendants' domain

23  name is confusingly similar to Plaintiff's.  <u>Id.</u> ¶ 82.

24  　　　In August 2010, Plaintiff met with the CEO of Hain Celestial,

25  who stated that he would not give-up use of the "Sensible Portions"

26  mark but would "modify, address or discontinue use the of the term

27  'sensible snacks.'"  <u>Id.</u> ¶ 70.

28

On August 16, 2010, Plaintiff and Hain Celestial signed a
Confidentiality Agreement providing that each party would refrain
from disclosing certain confidential information without the
other's approval.  Id. ¶ 116, Confidentiality Agreement at 1.[2]  The
parties entered into the Confidentiality Agreement because they
were considering a business arrangement through which Hain
Celestial would purchase Plaintiff.  Compl. ¶ 126.  The
contemplated sale never occurred, and Plaintiff now alleges that
Defendants improperly disclosed certain confidential information in
violation of the agreement.  Id. ¶ 122.

On June 9, 2011, Plaintiff filed this action, asserting
sixteen claims:  (1) breach of contract, (2) breach of implied
contract against Hain Celestial; (3) breach of implied covenant of
good faith and fair dealing against Hain Celestial; (4) state
trademark infringement, Cal. Bus. & Prof. Code § 14200 et seq.; (5)
contributory infringement; (6) unfair competition, Cal. Bus. &
Prof. Code § 17200 et seq.; (7) deceptive trade practices, Cal.
Bus. & Prof. Code § 17500 et seq.; (8) false advertising, Cal. Bus.
& Prof. Code § 17500 et seq.; (9) federal trademark infringement,
15 U.S.C. § 1051 et seq. (Lanham Act); (10) reverse confusion, 15
U.S.C. § 1114 et seq. (Lanham Act); (11) cancellation of federal
trademark registration (Lanham Act); (12) cyberpiracy, 15 U.S.C. §
1025(d) et seq. (Lanham Act); (13) false advertising,
misrepresentation, and unfair competition, 15 U.S.C. § 1125(a) et

---

[2] In the Complaint, Plaintiff referenced the Confidentiality
Agreement and identified it as an attachment, but failed to
actually file the document with the Court.  Plaintiff later re-
filed the Complaint with the missing attachment.  ECF No. 12-1
("Confidentiality Agreement").

**United States District Court**
For the Northern District of California

1   seq. (Lanham Act); (14) state cyberpiracy, Cal. Bus. & Prof. Code §

2   17525, et seq.; (15) trademark infringement (common law); and (16)

3   unjust enrichment.  Id. ¶¶ 115-209.

4        Defendants filed the instant Motion to Dismiss Plaintiff's

5   Complaint on August 31, 2011.  They make several arguments in favor

6   of dismissal.  First, they argue that Plaintiff's third, fourth,

7   and fourteenth claims fail to state a claim upon which relief can

8   be granted.  Second, they argue that Plaintiff's equitable and

9   Lanham Act claims (claims 4-5, 9-10, 12-13, 15-16) are barred by

10  laches.  They proceed to argue that the court may not retain

11  jurisdiction over Plaintiff's administrative claim for trademark

12  cancellation (claim 11) once the Lanham Act claim is dismissed, and

13  that the Court should decline to exercise supplemental jurisdiction

14  over Plaintiff's state law claims (claims 1-2, 6-8) once all

15  federal claims are dismissed.  As a last alternative, Defendants

16  argue that claims 1-2 and 4-16 should be dismissed because

17  Plaintiff has failed to plead sufficient facts to state a plausible

18  claim.

19

20  **III.  <u>LEGAL STANDARD</u>**

21       A motion to dismiss under Federal Rule of Civil Procedure

22  12(b)(6) "tests the legal sufficiency of a claim."  <u>Navarro v.</u>

23  <u>Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

24  on the lack of a cognizable legal theory or the absence of

25  sufficient facts alleged under a cognizable legal theory."

26  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.

27  1988).  "When there are well-pleaded factual allegations, a court

28

**United States District Court**
For the Northern District of California

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." <u>Starr v. Baca</u>, 633 F.3d 1191, 1204 (9th Cir. 2011).

## V.   <u>DISCUSSION</u>

As a preliminary matter, Plaintiff voluntarily withdraws its fourth claim for state trademark infringement, twelfth claim for cyberpiracy under the Lanham Act, fourteenth claim for state cyberpiracy, and sixteenth claim for unjust enrichment. Opp'n at 2. Accordingly, these claims are DISMISSED WITH PREJUDICE.

### A.   <u>Breach of the Implied Covenant of Good Faith (Claim 3)</u>

The implied covenant of good faith and fair dealing prevents a party to a contract from unfairly frustrating the other party's right to receive the benefits of the contract. <u>Guz v. Bechtel Nat'l, Inc.</u>, 24 Cal. 4th 317, 349 (2000). To state a claim for breach of the implied covenant of good faith and fair dealing, a

**United States District Court**
For the Northern District of California

1    plaintiff must allege more than a mere contractual breach; he or

2    she must allege "a failure or refusal to discharge contractual

3    responsibilities, prompted not by an honest mistake, bad judgment

4    or negligence but rather by a conscious and deliberate act, which

5    unfairly frustrates the agreed common purposes and disappoints the

6    reasonable expectations of the other party thereby depriving that

7    party of the benefits of the agreement." Careau & Co. v. Security

8    Pacific Business Credit, Inc., 222 Cal. App. 3d 1371, 1395 (Cal.

9    Ct. App. 1990).  It is well settled that a claim for breach of the

10   implied covenant of good faith and fair dealing cannot contradict

11   the express terms of the contract.  Thrifty Payless, Inc. v.

12   Mariners Mile Gateway, LLC, 185 Cal. App. 4th 1050, 1061 (Cal. Ct.

13   App. 2010).

14        Plaintiff alleges that Hain Celestial breached the covenant of

15   good faith and fair dealing by taking actions "which destroyed

16   Plaintiff's rights to receive the fruits of the Confidentiality

17   Agreement between Plaintiff and Hain C[elestial]."  Compl. ¶ 130.

18   Plaintiff's only concrete allegation of a "conscious and

19   deliberate" act breaching the covenant is that Hain Celestial

20   purchased products similar to Plaintiff's from other industry

21   suppliers.  Id. ¶ 131.  Plaintiff thus appears to be alleging that,

22   by declining to purchase Plaintiff and instead purchasing products

23   similar to Plaintiff's products from a third-party supplier, Hain

24   Celestial deprived Plaintiff of the benefits of the Confidentiality

25   Agreement.

26        Defendants argue that Plaintiff fails to state a claim for

27   breach of the implied covenant with regard to the Confidentiality

28

7

Agreement because Plaintiff's allegation contradicts the express terms of the agreement, which provides that neither party "[is] under any legal obligation of any kind whatsoever with respect to any transaction by virtue of this Agreement, except for the matters specifically agreed to herein" and further states that each party reserves the right "to terminate discussions and negotiations with respect to any transaction at any time." Confidentiality Agreement ¶ 9. Moreover, Defendants argue, the purpose of the Confidentiality Agreement is to preserve the confidentiality of exchanged material, not to force one party to purchase products from the other. Mot. at 10. Accordingly, Hain Celestial's purchasing products from a third party supplier cannot frustrate the purpose of the Confidentiality Agreement.

In response, Plaintiff argues that Defendants misunderstand the Complaint. Plaintiff contends that its breach of implied covenant claim is based not upon the Confidentiality Agreement, but rather upon an implied contract that is the subject of Plaintiff's second claim. Defendants reply that this argument misrepresents the Complaint and attempts to rewrite Plaintiff's third claim.

The Court agrees with Defendants. The third claim in the Complaint clearly states that Defendants "unfairly frustrated the agreed common purpose of the Confidentiality Agreement" and "deprived Plaintiff of the benefits of the Confidentiality Agreement." Compl. ¶ 131. Plaintiff cannot credibly contend that, as written, its third claim is premised upon a contract other than the Confidentiality Agreement. The Court also agrees with Defendants that Plaintiff fails to state a claim with regard to the

Confidentiality Agreement because the clear purpose of the Agreement is to preserve the confidentiality of exchanged material, not to force one party to purchase products from the other.

Accordingly, the Court DISMISSES Plaintiff's third claim WITH LEAVE TO AMEND.  If Plaintiff means to premise its claim on a contract other than the Confidentiality Agreement, it shall make this clear in its amended Complaint, not leave Defendants to guess at the underlying basis for the claim.

**B.    Laches (Claims 4-5, 9-10, 12-13, 15-16)**

Defendants argue that Plaintiff's equitable and Lanham Act claims (claims 4-5, 9-10, 12-13, 15-16) are barred by laches. Laches bars untimely equitable causes of action.  "Laches is an equitable time limitation on a party's right to bring suit, resting on the maxim that one who seeks the help of a court of equity must not sleep on his rights."  Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835 (9th Cir. 2002) (internal citations and quotation marks omitted).  It is well established that laches "requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense."  Bratton v. Bethlehem Steel Corp., 649 F.2d 658, 666 (9th Cir. Cal. 1980) (quoting Costello v. United States, 365 U.S. 265, 282 (1961)) (emphasis added).

The Court declines to dismiss Plaintiff's claims on the basis of laches because "a laches determination is ill-suited for a motion to dismiss for failure to state a claim."  Italia Marittima, S.p.A. v. Seaside Transp. Servs., LLC, C 10-0803 PJH, 2010 U.S. Dist. LEXIS 92771, at *16 (N.D. Cal. Sep. 7, 2010).  "Because the

**United States District Court**
For the Northern District of California

9

**United States District Court**
For the Northern District of California

1   application of laches depends on a close evaluation of all the

2   particular facts in a case, it is seldom susceptible of resolution

3   by summary judgment." <u>Couveau v. American Airlines, Inc.</u>, 218 F.3d

4   1078, 1083 (9th Cir. 2000).  "At the motion-to-dismiss phase, the

5   obstacle to asserting a successful laches defense is even greater

6   because the defendant must rely exclusively upon the factual

7   allegations set forth in the complaint." <u>Kourtis v. Cameron</u>, 419

8   F.3d 989, 1000 (9th Cir. Cal. 2005), abrogated on other grounds in

9   <u>Taylor v. Sturgell</u>, 553 U.S. 880 (2008).

10       In their Motion, Defendants ask the Court to make factual

11   determinations concerning when Plaintiff knew or should have known

12   about the alleged infringement, Plaintiff's diligence in enforcing

13   its rights, and the prejudice to Defendants caused by Plaintiff's

14   alleged delay.  Mot. at 12-13.  In Opposition and Reply, the

15   parties raise additional factual disputes concerning the strength

16   of Plaintiff's trademark rights, the harm Plaintiff will suffer if

17   relief is denied, whether Defendants acted in good faith, and

18   whether the parties' products are distinct, among other things.

19   Opp'n at 13-18; Reply at 9-14.  Most of the facts relevant to these

20   issues are not set forth the Complaint.  Further, even if the Court

21   were to take notice of the facts set forth in the parties' requests

22   for judicial notice,[3] it is premature to determine whether such

23

[3] Defendants filed a Request for Judicial Notice, ECF No. 15

24   ("Defs.' RJN"), requesting the Court take judicial notice of the
facts set forth in the exhibits to the Declaration of Nathan B.

25   Sabri, ECF No. 17 ("Sabri Decl.").  In Opposition, Plaintiffs also
filed a Request for Judicial Notice, ECF No. 22-1 ("Pl.'s RJN"),

26   requesting the Court take judicial notice of the facts set forth in
the exhibits to the Declaration of David W. Baxes, ECF Nos. 22-4

27   ("Baxes Decl.").  Because resolution of Defendants' laches defense
inappropriate at this stage, it does not rule on the RJNs, except

28   as to Plaintiff's Exhibits 3(a), 3(b), and 5, as discussed <u>infra</u>.

1  evidence is sufficient to raise a genuine issue of material fact,

2  let alone weigh that evidence.

3      Accordingly, the Court finds that a determination on the

4  adequacy of Defendants' laches defense to claims 4-5, 9-10, 12-13,

5  and 15-16 requires findings of fact and is inappropriate for

6  resolution on a motion to dismiss.

7      **C.   Sufficiency of Factual Allegations**

8      Defendants argue that all of Plaintiff's claims, except its

9  third claim for breach of the covenant of good faith and fair

10 dealing, should be dismissed for failure to plead sufficient

11 factual allegations in support of those claims.  Plaintiff responds

12 that it has pled sufficient factual allegations to support each of

13 its claims.  For the reasons stated below, the Court agrees with

14 Defendants as to Plaintiff's first, second, fifth, eighth, and

15 thirteenth claims.  The Court agrees with Plaintiff as to its

16 sixth, seventh, ninth, tenth, eleventh, and fifteenth claims.

17          1.  Plaintiff's First Claim for Breach of Contract

18     Plaintiff's claim for breach of the Confidentiality Agreement

19 is a mere recitation of the elements of a breach of contract claim.

20 For example, the Complaint states "Defendants failed to perform all

21 of the conditions, covenants and promises required of them under

22 the confidentiality agreements [sic], including, but not limited to

23 disclosing all or a portion of Plaintiff's Confidential Information

24 without the express or implied consent of Plaintiff."  Compl. ¶

25 122.  Plaintiff pleads no facts regarding, inter alia, what

26 information was allegedly disclosed or how it was disclosed.[4]  Such

27 _____

28 [4] The Court recognizes that the information allegedly disclosed is
   purportedly confidential in nature and does not suggest that

United States District Court
For the Northern District of California

"[t]hreadbare recitals of the elements of a cause of action" are insufficient to state a claim under <u>Iqbal</u>.  <u>See</u> 129 S. Ct. at 1950.

Plaintiff argues that its allegation that Defendants breached the contract by "disclosing all or a portion of Plaintiff's Confidential Information" is sufficient to state a claim, and Plaintiff cites to its RJN.  Other portions of Plaintiff's Opposition suggest it means to allege that Hain Celestial breached the Confidentiality Agreement by conveying certain information to WGM and disclosing that information at a proceeding before the Trademarks Trial and Appeal Board ("TTAB").  Opp'n at 19.  If this is what Plaintiff means to allege, then it must say so in the Complaint.  The factual allegations necessary to support a claim must be in the Complaint, not in an opposition brief or a RJN. Because Plaintiff has failed to plead sufficient facts in support of its first claim for breach of contract, the Court DISMISSES the claim WITH LEAVE TO AMEND.

The Court further notes that Plaintiff alleges that it entered into the Confidentiality Agreement with Hain Celestial, and the text of the Agreement confirms this fact, but Plaintiff then proceeds to allege that all Defendants breached the Agreement and that there may have in fact been multiple agreements: "[b]y failing to abide by the terms of the Confidentiality Agreement, Defendants breached those agreements."  Compl. ¶ 123.  If Plaintiff chooses to file an amended complaint, it should clarify how many contracts are

---

Plaintiff should disclose its own confidential information in its Complaint.  Nevertheless, Plaintiff should at least provide in general terms the information to which it refers and how Defendants allegedly disclosed that information.

1  at issue, specify who the parties to those contracts are, and limit

2  allegations of breach to those Defendants who were actually parties

3  to the contracts at issue.

4         2.   Plaintiff's Second Claim for Breach of Implied

5              Contract

6     Plaintiff's second claim for breach of implied contract

7  likewise fails to clearly allege facts sufficient to put Defendants

8  on notice of the nature of the claim.  Simply put, it is unclear

9  from the Complaint, and from Plaintiff's Opposition for that

10  matter, exactly what implied contract Plaintiff contends existed,

11  and which Defendants Plaintiff alleges were parties to said

12  contract.

13     The Complaint appears to allege that one or more Defendants[5]

14  breached an implied contract by misusing Plaintiff's confidential

15  information without compensating Plaintiff.  Plaintiff's Complaint

16  states:

17

18         Defendants' [sic] understood that it [sic] was not to
           use [Plaintiff's confidential information] for any
19         purpose other than the Permitted Purposes of the
           [Confidentiality Agreement] and that any other use
20         would require Plaintiff's permission and that
           Plaintiff would expect compensation for any other use,
21         thereby creating an implied contract.  Upon
           information and belief, Defendants' [sic] used
22         Plaintiff's information without compensating Plaintiff
           for such use – a breach of that implied contract.
23

24

25  Compl. ¶ 127.  As with its breach of contract claim, Plaintiff has

26  _____

27  [5] The heading beneath "Second Cause of Action" in the Complaint
    states that the claim is against Hain Celestial.  The allegations
    that follow, however, interchangeably name "Hain C[elestial]" and
28  "Defendants."  See Compl. ¶¶ 125-128.

**United States District Court**
For the Northern District of California

1  not alleged any facts as to how Defendants misused its confidential
2  information.

3      Moreover, in its Opposition Plaintiff appears to change its
4  theory as to what implied contract allegedly existed.  Plaintiff
5  argues that Plaintiff and Hain Celestial agreed that, while
6  potential sale negotiations were ongoing, Plaintiff agreed to
7  suspend its opposition proceedings before the TTAB in exchange for
8  Hain Celestial agreeing to discontinue the use of the phrase
9  "sensible snacks" in connection with its products.  Opp'n at 5-6.
10 This theory is entirely different from that set forth in the
11 Complaint.  If Plaintiff cannot pin down what implied contract
12 Defendants allegedly violated, Defendants certainly lack adequate
13 notice to prepare a defense to Plaintiff's claim.

14     Accordingly, Plaintiff's second claim for breach of implied
15 contract is DISMISSED WITH LEAVE TO AMEND.

16          3.   Plaintiff's Fifth Claim for Contributory
17               Infringement

18     A claim for contributory infringement requires a showing that
19 a defendant "intentionally induc[ed] or encourage[d] direct
20 infringement." MDY Indus., LLC v. Blizzard Entm't, Inc., Nos. 09-
21 15932, 09-16044, 2011 U.S. App. LEXIS 3428, at *10 (9th Cir. Feb.
22 17 2011).  Defendants argue that Plaintiff's fifth claim for
23 contributory infringement should be dismissed because Plaintiff has
24 failed to plead factual allegations of intentional inducement.
25 Plaintiff responds that without discovery it is unable to
26 differentiate among the parties.

27

28

**United States District Court**
For the Northern District of California

1   The Court agrees with Defendants.  Plaintiff's response is
2   beside the point.  Regardless of whether Plaintiff can
3   differentiate among the parties, Plaintiff has failed to plead
4   facts supporting the claim that any Defendant induced or encouraged
5   another to infringe.  Plaintiff's allegations underlying this claim
6   merely recite legal conclusions such as: "Defendants have
7   contributed, aided and/or encouraged other Defendants and Does 1-20
8   to infringe . . . ."  Compl. ¶ 140.  <u>Iqbal</u> requires Plaintiff to
9   provide factual allegations supporting these conclusions in order
10  to state a plausible claim.  129 S. Ct. at 1950.  Plaintiff's fifth
11  claim is DISMISSED WITH LEAVE TO AMEND.

12              4.   <u>Plaintiff's False Advertising Claims</u>

13       Plaintiff's eighth and thirteenth claims allege false
14  advertising under California and federal law, respectively.  False
15  advertising under section 17500 of the California Business and
16  Professions Code is a claim sounding in fraud.  <u>In re Tobacco II</u>
17  <u>Cases</u>, 46 Cal. 4th 298, 312 n.8 (2009).  Accordingly, it is subject
18  to the heightened pleading requirements for fraud claims under
19  Federal Rule of Civil Procedure 9(b).  In order to state a claim,
20  Plaintiff must allege facts identifying specific allegedly false
21  statements, including facts showing how the statements were
22  misleading.  <u>See</u> <u>Chua v. Barratt American</u>, No. 09cv105-L(WVG), 2010
23  U.S. Dist. LEXIS 25298, at *9-10 (S.D. Cal. Mar. 17, 2010).
24  Similarly, to state a federal claim for false advertising under the
25  Lanham Act, Plaintiff must identify "false statements of fact" in
26  advertisements that Defendants made about their own or another's
27
28

**United States District Court**
For the Northern District of California

1  product.  <u>Rice v. Fox Broad. Co.</u>, 330 F.3d 1170, 1180 (9th Cir.

2  2003) (internal quotation omitted).

3      Defendants argue that Plaintiff's false advertising claims

4  should be dismissed because Plaintiff has failed to identify any

5  allegedly false statements made by Defendants.  Mot. at 19.

6  Plaintiff argues that it has sufficiently pled its claims because

7  it has alleged that Defendants have used trademarks that infringe

8  the Sensible Food Marks in public advertising.  Opp'n at 21.  The

9  Court agrees with Defendants.  Plaintiffs have failed to state a

10  claim for false advertising under California or federal law because

11  they have not identified any allegedly false statements made by

12  Defendants.  Accordingly, Plaintiff's eighth and thirteenth claims

13  are DISMISSED WITH LEAVE TO AMEND.

14           5.  <u>Plaintiff's Remaining Claims</u>

15      Defendants argue that all of Plaintiff's remaining claims

16  should be dismissed for lack of specificity because Plaintiff often

17  fails to identify which Defendant is alleged to have committed

18  which wrongful act.  Mot. at 15.  Plaintiff responds that without

19  discovery it cannot be expected to differentiate among the actions

20  of related corporate entities that have used their own names in

21  confusing fashion in the marketplace.  Opp'n at 19.  Defendants

22  reply that "Plaintiff's blurring of the lines goes well beyond what

23  it needs discovery to clarify."  Reply at 15.

24      The Court agrees with Plaintiff.  The Court has noted above

25  that Plaintiff should clarify in any amended complaint which

26  parties it allegedly had contractual agreements with and which

27  parties allegedly breached those contracts.  Other than those

28

**United States District Court**
For the Northern District of California

1  particular instances, however, the Court finds that Plaintiffs'

2  lack of precision in pleading is not so egregious as to warrant

3  dismissal of the Complaint in its entirety, and in fact, is quite

4  understandable given the interrelationship of Defendants and the

5  often confusing fashion in which Defendants have intermingled their

6  names in the marketplace.

7      Plaintiff alleges, and Defendants do not deny, that Hain

8  Celestial, Hain Gourmet, and WGM are affiliated entities.  <u>See</u>

9  Compl. ¶¶ 5, 8-9.  As to the remaining two named defendants,

10  Defendants state: "The Complaint names World Gourmet, Inc. and

11  Sensible Snacks, Inc. as defendants.  Counsel's current

12  understanding is that neither of these are actual legal entities."

13  Mot. at 1 n.1.  However, printed webpages from WGM's website,

14  www.sensibleportions.com,[6] display the text "World Gourmet, Inc.

15  All Rights Reserved" or "copyright World Gourmet, Inc."  Pl.'s RJN

16  Ex. 3(a),(b).[7]  Another printed page from www.sensibleportions.com

17  states that "Sensible Snacks, Inc." is the manufacturer of Sensible

18  Portions.  Pl.'s RJN Ex. 5.  Defendants even acknowledge the

19  confusing nature of the relationships among the various entities,

20  noting that the issue "may be addressed in a subsequent motion if

21  necessary."  <u>Id.</u>

22      If one thing is clear from this morass, it is that Plaintiff

23

24  [6] Defendants admit that WGM uses the Internet domain name
    www.sensibleportions.com.  Reply at 2-3.

25

26  [7] Defendants do not oppose Plaintiff's RJN with regard to exhibits
    3(a), 3(b), and 5.  Because these exhibits are public documents are

27  capable of accurate and ready determination by resort to sources
    whose accuracy cannot reasonably be questioned, the Court GRANTS
    Plaintiff's Request with regard to these exhibits only.

28

United States District Court
For the Northern District of California

1  cannot be expected to unwind the precise legal relationships

2  between affiliated entities that have operated under various names

3  and specify precisely which entity engaged in every particular

4  act.[8]  See, e.g., Marseglia v. JP Morgan Chase Bank, 750 F. Supp.

5  2d 1171, 1175 (refusing to dismiss complaint for failure to specify

6  which of three defendants -- all affiliates of JP Morgan Chase Bank

7  -- allegedly engaged in which wrongful acts).[9]

8       The allegations made in a complaint must be both "sufficiently

9  detailed to give fair notice to the opposing party of the nature of

10  the claim so that the party may effectively defend against it" and

11  "sufficiently plausible" such that "it is not unfair to require the

12  _____

[8] Defendants complain specifically that: (1) Plaintiff alleges that
13  "Defendants" breached a contract and an alleged implied contract to
which only Hain Celestial was allegedly a party; (2) Plaintiff
14  refers at various times to a trademark application allegedly filed
by WGM as "Defendants' application"; (3) Plaintiff alleges that
15  "Defendants" exhibited at a trade show under the "World Gourmet
Marketing" name in 2008, prior to the date that Hain Celestial
16  allegedly acquired WGM; and (4) Plaintiff alleges that "Defendants"
registered the domain name www.sensibleportions.com, while it is
17  legally impossible for multiple entities to register a single
domain name.  Mot. at 17.  The Court has addressed the lack of
18  specificity regarding the contract claims supra.  The rest of the
enumerated instances are either typographical errors, which
19  Defendants shall fix in any amended complaint, or instances where
discovery is necessary to allow Plaintiff to pinpoint precisely
20  which Defendants were involved.  Defendants cannot credibly contend
that such trivialities seriously impair their ability to mount a
21  defense in this action.

22  [9] The cases Defendants rely on involved much more deficient
complaints, as well as multiple defendants who were not related
23  entities.  For instance, in Page v. Stanley, No. CV 11-02255 CAS
(SS), 2011 U.S. Dist. LEXIS 91358, at *5 (C.D. Cal. Aug. 16, 2011),
24  the court dismissed a prisoner's pro se complaint that was
"confusing and nonsensical" and failed to specify the incident
25  giving rise to each claim or which of six law enforcement officers
was allegedly involved in each incident.  In Fujikawa v. OneWest
26  Bank, FSB, Civ. No. 11-00151 HG-KSC, 2011 U.S. Dist. LEXIS 79817,
at *2, *7-8 (D. Haw. July 21, 2011), the court dismissed a mortgage
27  fraud complaint containing a "series of vague factual allegations"
where plaintiff's counsel had filed numerous nearly identical
28  complaints in other actions.

**United States District Court**
For the Northern District of California

opposing party to be subjected to the expense of discovery." <u>Starr</u> <u>v. Baca</u>, 633 F.3d 1191, 1204 (9th Cir. 2011).  Except for the deficiencies specifically discussed <u>supra</u>, Plaintiff's occasional failure to distinguish among Defendants in the instant Complaint does not deprive Defendants of the fair notice necessary to defend against it, and it is not unfair to subject Defendants to discovery to allow Plaintiff to cure the confusion.

Defendants' Motion is therefore denied with respect to Plaintiff's sixth, seventh, ninth, tenth, eleventh, and fifteenth claims.

**V.    CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART the motion by Defendants World Gourmet, Inc., Hain Gourmet, Inc., Hain Celestial Group, Inc., World Gourmet Marketing, LLC, and Sensible Snacks, Inc. to dismiss Plaintiff Sensible Foods, LLC's Complaint, and rules as follows:

- Plaintiff's fourth claim for state trademark infringement, twelfth claim for cyberpiracy under the Lanham Act, fourteenth claim for state cyberpiracy, and sixteenth claim for unjust enrichment are DISMISSED WITH PREJUDICE.

- Plaintiff's first claim for breach of contract, second claim for breach of implied contract, third claim for breach of implied covenant of good faith and fair dealing, fifth claim for contributory trademark infringement, eighth claim for false advertising in violation of section 17500 of California's Business and Professions Code, and thirteenth

claim for false advertising under the Lanham Act are DISMISSED
WITH LEAVE TO AMEND.

- Plaintiff's sixth claim for unfair competition under section
  17200 of California's Business and Professions Code, seventh
  claim for deceptive trade practices under section 17500 of
  California's Business and Professions Code, ninth claim for
  federal trademark infringement under the Lanham Act, tenth
  claim for reverse confusion under the Lanham Act, eleventh
  claim for cancellation of federal trademark registration under
  the Lanham Act, and fifteenth claim for common law trademark
  infringement remain undisturbed.

Plaintiff is granted thirty (30) days leave to file an amended
complaint.  If Plaintiff fails to file an amended complaint within
this time frame, its first, second, third, fifth, eighth, and
thirteenth claims are dismissed WITH PREJUDICE.

IT IS SO ORDERED.

Dated: November 3, 2011

UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California