**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENSIBLE FOODS, LLC, | ) Case No. 11-2819 SC |
| | ) |
| Plaintiff, | ) ORDER GRANTING IN PART AND |
| | ) DENYING IN PART DEFENDANTS' |
| v. | ) MOTION TO DISMISS |
| | ) PLAINTIFF'S FIRST AMENDED |
| WORLD GOURMET, INC.; HAIN GOURMET, | ) <u>COMPLAINT</u> |
| INC.; HAIN CELESTIAL GROUP, INC.; | ) |
| WORLD GOURMET MARKETING, LLC; AND | ) |
| SENSIBLE SNACKS, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

I.   **INTRODUCTION**

    Plaintiff Sensible Foods, LLC ("Plaintiff") brings this action against Defendants World Gourmet, Inc. ("World Gourmet"), Hain Gourmet, Inc. ("Hain Gourmet"), Hain Celestial Group, Inc., ("Hain Celestial"), World Gourmet Marketing, LLC ("WGM"), and Sensible Snacks, Inc. ("Sensible Snacks") (collectively, "Defendants").  ECF No. 28 ("FAC").  Now before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ECF No. 30 ("Mot.").  Defendants seeks to dismiss five of the FAC's twelve claims.  <u>Id.</u>  The Motion is fully briefed.  ECF Nos. 36 ("Opp'n"), 37 ("Reply").  For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion.

///

///

**United States District Court**
For the Northern District of California

## II. **BACKGROUND**

As always when considering a Rule 12(b)(6) motion, the Court takes all the well-pleaded facts of the operative complaint as true. The Court has already summarized this case's history in a previous Order partially granting Defendants' motion to dismiss Plaintiff's original complaint. <u>See</u> ECF No. 26 ("Order"). In brief, this case is about a trademark dispute between competitors in the healthy snack food business. Plaintiff and Defendants both use or have sought to use trademarks that prominently feature the word "sensible." Some time ago, in apparent response to the parties' ongoing trademark dispute, Defendant Hain Celestial contemplated buying Plaintiff, but the sale never materialized. In the course of sale negotiations, the parties signed a Confidentiality Agreement. Plaintiff now alleges that during proceedings before the Trademark Trial and Appeal Board ("TTAB"), Defendants improperly disclosed certain confidential information in violation of the Agreement. Plaintiff also alleges continuing misuse of trade names and marks similar to Plaintiff's.

The procedural history of this case is as follows. Plaintiff initially brought suit before this Court on sixteen claims. ECF No. 1 ("Compl."). Defendants moved to dismiss all sixteen. ECF No. 14. Plaintiff voluntarily withdrew four claims, which the Court dismissed with prejudice.[1] The Court also dismissed six of Plaintiff's claims without prejudice.[2] Finally, the Court left six

---

[1] The Court dismissed with prejudice claims for: trademark infringement under California law; cyberpiracy under both the federal Lanham Act and California law; and unjust enrichment. Order at 6.

[2] The Court dismissed without prejudice claims for: breach of contract; breach of implied contract; breach of implied covenant of

**United States District Court**
For the Northern District of California

1  of Plaintiff's claims undisturbed.[3]

2      Plaintiff timely filed a First Amended Complaint.[4]  Plaintiff

3  now asserts claims for: (1) breach of implied contract, against

4  Hain Celestial; (2) breach of contract -- specifically, the

5  Confidentiality Agreement -- against Hain Celestial; (3) breach of

6  implied covenant of good faith and fair dealing, against Hain

7  Celestial; (4) contributory infringement; (5) unfair competition

8  under California Business and Professions Code section 17200 _et_

9  _seq._; (6) deceptive trade practices under California Business and

10  Professions Code section 17500 _et seq._; (7) false advertising under

11  California Business and Professions Code section 17500 _et seq._; (8)

12  trademark infringement under the federal Lanham Act, 15 U.S.C. §

13  1051 _et seq._[5]; (9) reverse confusion under the Lanham Act, § 1114

14  _et seq._; (10) cancellation of federal trademark registration under

15  the Lanham Act, §§ 1064 and 1119; (11) false advertising,

16  misrepresentation, and unfair competition under the Lanham Act, §

17  1125(a) _et seq._; and (12) common law trademark infringement.

18  ///

19  _____

20  good faith and fair dealing; contributory trademark infringement;
   and false advertising under both California law and the federal

21  Lanham Act.  Order at 19-20.

22  [3] The Court left undisturbed claims for: unfair competition and
   deceptive trade practices under California law; trademark

23  infringement, reverse confusion, and cancellation of trademark
   registration under the Lanham Act; and common law trademark

24  infringement.  Order at 20.

25  [4] Plaintiff attached the Confidentiality Agreement to the First
   Amended Complaint.  ECF No. 28 Ex. CA ("CA").  The Court therefore

26  may properly consider the contents of the Confidentiality Agreement
   while deciding this motion.  _Hal Roach Studios, Inc. v. Richard_

27  _Feiner & Co., Inc._, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

28  [5] Further references to the Lanham Act are to section numbers
   within Title 15 of the United States Code.

1    Of these twelve claims, Defendants challenge five: claim 1
2    (breach of implied contract by Hain Celestial); claim 2 (breach of
3    the Confidentiality Agreement by Hain Celestial); claim 3 (breach
4    of implied covenant of good faith and fair dealing by Hain
5    Celestial); claim 7 (false advertising under California law); and
6    claim 11 (false advertising, misrepresentation, and unfair
7    competition under the Lanham Act).

8

9    **III. LEGAL STANDARD**

10   A motion to dismiss under Federal Rule of Civil Procedure
11   12(b)(6) "tests the legal sufficiency of a claim." Navarro v.
12   Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based
13   on the lack of a cognizable legal theory or the absence of
14   sufficient facts alleged under a cognizable legal theory."
15   Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
16   1988). "When there are well-pleaded factual allegations, a court
17   should assume their veracity and then determine whether they
18   plausibly give rise to an entitlement to relief." Ashcroft v.
19   Iqbal, 129 S. Ct. 1937, 1950 (2009). However, "the tenet that a
20   court must accept as true all of the allegations contained in a
21   complaint is inapplicable to legal conclusions. Threadbare
22   recitals of the elements of a cause of action, supported by mere
23   conclusory statements, do not suffice." Id. (citing Bell Atl.
24   Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made
25   in a complaint must be both "sufficiently detailed to give fair
26   notice to the opposing party of the nature of the claim so that the
27   party may effectively defend against it" and "sufficiently
28   plausible" such that "it is not unfair to require the opposing

United States District Court
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1   party to be subjected to the expense of discovery." <u>Starr v. Baca</u>,

2   633 F.3d 1191, 1204 (9th Cir. 2011).  When a complaint fails to

3   plead sufficient facts, leave to amend should be given freely, but

4   "a district court may dismiss without leave where a plaintiff's

5   proposed amendments would fail to cure the pleading deficiencies

6   and amendment would be futile." <u>Cervantes v. Countrywide Home</u>

7   <u>Loans, Inc.</u>, 656 F.3d 1034, 1041 (9th Cir. 2011).

8

9   **IV.   <u>DISCUSSION</u>**

10        **A.   <u>Breach of Implied Contract by Hain Celestial (Claim 1)</u>**

11        To state a claim for breach of contract, a plaintiff must

12   allege (1) that a contract existed between plaintiff and defendant,

13   (2) that plaintiff has substantially performed or been excused from

14   performance, (3) that defendant breached, and (4) that plaintiff

15   suffered resultant damages.  <u>See</u>, <u>e.g.</u>, <u>Harris v. Rudin, Richman &</u>

16   <u>Appel</u>, 74 Cal. App. 4th 299, 307 (Cal. Ct. App. 1999) (citing

17   <u>Otworth v. S. Pac. Transp. Co.</u>, 166 Cal. App. 3d 452, 459 (Cal. Ct.

18   App. 1985)).  "A cause of action for breach of implied contract has

19   the same elements as does a cause of action for breach of contract,

20   except that the promise is not expressed in words but is implied

21   from the promisor's conduct." <u>Yari v. Producers Guild of Am.,</u>

22   <u>Inc.</u>, 161 Cal. App. 4th 172, 182 (Cal. Ct. App. 2008).

23        The Court previously dismissed Plaintiff's breach of implied

24   contract claim because Plaintiff failed to allege which defendant

25   was a party to the implied contract, what the terms of the contract

26   were, or how it had been breached.  <u>See</u> Order at 13-14.  Plaintiff

27   has substantially revised this claim.  Plaintiff now alleges that

28   the other party to the implied contract was Hain Celestial.  FAC ¶

**United States District Court**
For the Northern District of California

191.  Plaintiff alleges that the implied contract imposed two obligations on Hain Celestial: first, to stop using the marks "sensible snack" and "sensible snacks" (together, "the Sensible Snack(s) mark"), and, second, to "enter purchase discussions for the Plaintiff . . . ."  Id.  Plaintiff further alleges that Hain Celestial continued to use the Sensible Snack(s) mark, notwithstanding the implied contract.  Id. ¶ 195.

Defendants move to dismiss on three grounds.  First, they claim that the Confidentiality Agreement precludes Plaintiff from asserting a claim for breach of implied contract because it contained a merger clause that "expressly superseded all prior agreements 'with respect to the subject matter thereof.'"  Mot. at 6 (quoting FAC Ex. 1 ("CA") at 3).  Second, Defendants read the First Amended Complaint to admit that Hain Celestial entered into the allegedly promised purchase discussions, and therefore to negate Plaintiff's claim for breach of a promise to do so.  Id. at 7.  Third, they contend that the First Amended Complaint inadequately alleges the existence of consideration to support Hain Celestial's purported promise to stop using the Sensible Snack(s) mark.  See id. at 7-10.

Plaintiff responds that Hain Celestial's alleged promise to discontinue use of the Sensible Snack(s) mark lies outside the scope of the Confidentiality Agreement's merger clause.  Opp'n at 8.  It urges the Court to interpret any ambiguity in the merger clause against Hain Celestial because, according to Plaintiff's brief, Hain Celestial's attorney drafted the Confidentiality Agreement.  Id. at 9.  Lastly, Plaintiff argues that its promise to stay the TTAB proceedings, alleged in the First Amended Complaint

at paragraph 191, served as consideration for Hain Celestial's
promises.  Id. at 10-12.

    The Court declines to dismiss this claim.  Taking the
allegations of the First Amended Complaint as true, Plaintiff has
alleged that it exchanged an agreement to stay the TTAB proceedings
for two promises from Hain Celestial: a promise to discontinue use
of the Sensible Snack(s) mark and a promise to discuss purchasing
Plaintiff.  As Defendants note, the First Amended Complaint
effectively admits that Hain Celestial held the allegedly promised
purchase discussions with Plaintiff.  But holding the purchase
discussions would not, by itself, give Plaintiff the benefit of its
alleged bargain.  Plaintiff would also have to receive the benefit
of Hain Celestial's alleged promise to stop using the Sensible
Snack(s) mark.  Plaintiff alleges that it did not, FAC ¶ 195, and
the Court must take this allegation as true.

    Defendants' argument that the Confidentiality Agreement's
merger clause precludes Plaintiff's breach of implied contract
claim is unavailing.  Neither the First Amended Complaint nor the
Confidentiality Agreement specify what "subject matter," or
matters, the parties had in mind when they wrote the phrase "with
respect to the subject matter thereof" in the Confidentiality
Agreement's merger clause.  Answering that question would require
the Court to make factual findings based on evidence extrinsic to
the Confidentiality Agreement as well as to the pleadings.  The
Court may not go so far in the context of a Rule 12(b)(6) motion.

    Defendants contend that the First Amended Complaint
contradicts Plaintiff's argument that the Confidentiality Agreement
related to a different "subject matter" than the alleged implied

United States District Court<br>For the Northern District of California

**United States District Court**
For the Northern District of California

contract.  Reply at 3.  The Court sees no such contradiction.  The
pleading describes with reasonable clarity a straightforward
exchange of promises: Plaintiff's promise to stay the TTAB
proceedings for Hain Celestial's promises to discuss purchasing
Plaintiff and to stop using the Sensible Snack(s) mark.  The
Confidentiality Agreement simply does not address Hain Celestial's
second alleged promise.  That is not inconsistent with Plaintiff's
argument that the Confidentiality Agreement and the alleged implied
contract concern two different subject matters.  Hain Celestial
allegedly made two promises, but it does not necessarily follow
that both promises must have been part of the subject matter of the
Confidentiality Agreement:  The alleged implied contract could
pertain to both promises while the Confidentiality Agreement
pertained to only one.  The Court cannot determine otherwise from
the express terms of the Confidentiality Agreement and the
pleadings.

Accordingly, the Court DENIES Defendants' motion to dismiss
claim 1.[6]

B.    **Breach of Confidentiality Agreement by Hain Celestial
      (Claim 2)**

Plaintiff intends to assert this claim against Hain Celestial
for violation of the Confidentiality Agreement.  FAC ¶¶ 200-21.  In
its briefing, however, Plaintiff admits that the First Amended
Complaint contains an "inadvertent drafting mistake" and seeks

---

[6] Because the Court has not relied on the rule of construction
construing ambiguous documents against their drafters, see Opp'n at
9, the Court does not reach Defendant's argument that application
of the rule here would be improper, Reply at 4.

leave to amend.  Opp'n at 13-14.  Therefore, the only question for
this claim is whether to dismiss it with prejudice.

The Court rules that dismissal with prejudice is warranted
because the amendments proposed by Plaintiff would be futile.  See
Cervantes, 656 F.3d at 1041.  Plaintiff has used its Opposition
brief to indicate what it intended to write in the First Amended
Complaint.  Id. at 13.  The First Amended Complaint currently
alleges that Hain Celestial revealed Plaintiff's confidential
information -- which Plaintiff identifies as its "profitability" --
in a document filed as part of the TTAB proceedings, the TTAB
Answer.  Id. at 13.  Plaintiff would amend the pleading to indicate
a different document filed in that same proceeding, the TTAB
Response.  Id. at 13.  Both documents are part of the public record
and the Court takes judicial notice of them for the purpose of
determining whether the proposed amendment would be futile.  See
ECF Nos. 32 Ex. 1 ("TTAB Answer"), 39 Ex. 1 ("TTAB Response").  As
Defendants point out, neither document says anything about
Plaintiff's profitability.  Therefore, Plaintiff's current pleading
does not adequately plead a breach, and neither would Plaintiff's
proposed amendment.  Considering that Plaintiff's restatement of
its claim in the Opposition brief amounted to Plaintiff's third
bite at the apple, that the Court's previous Order already gave
Plaintiff guidance concerning this claim, and that the Court has
already put Plaintiff on warning that failure to attend to
important details would not be tolerated, see Order at 1 n.1, the
Court sees no reason to give Plaintiff a fourth bite.

The Court GRANTS Defendants' motion to dismiss claim 2 and
DISMISSES that claim WITH PREJUDICE.

**United States District Court**
For the Northern District of California

C.   **Breach of Implied Covenant of Good Faith and Fair Dealing by Hain Celestial (Claim 3)**

The implied covenant of good faith and fair dealing is "implied by law in every contract." <u>Guz</u>, 24 Cal. 4th at 350.  The Court previously dismissed Plaintiff's implied covenant claim because Plaintiff failed to identify on which contract it based the claim.  Plaintiff has amended this claim and now alleges the existence of three contracts with Hain Celestial.  FAC § 225.  Plaintiff identifies these as: (1) "an implied agreement that [Hain Celestial] would discontinue the use of the phrase, 'sensible snack(s),' to eliminate the resulting public confusion and Plaintiff would agree to stay the TTAB Proceedings;" (2) the written Confidentiality Agreement; and (3) "an oral agreement to facilitate the purchase of Plaintiff by [Hain Celestial] . . . ." <u>Id.</u>  Plaintiff claims, in essence, that Hain Celestial breached the implied covenants arising from these promises by allegedly continuing to use the Sensible Snack(s) mark, revealing Plaintiff's confidential information, and refusing to buy Plaintiff.

None of these provide a proper basis for a breach of implied covenant claim.  To the extent that Plaintiff bases this claim on violations of the implied covenant arising from the first and second agreements, it must fail because these allegations merely reallege contractual breaches as breaches of the implied covenant.  Such claims are superfluous and properly dismissed.  <u>Guz</u>, 24 Cal. 4th at 352-53.  To the extent that Plaintiff bases this claim on Hain Celestial's alleged refusal to buy Plaintiff, the claim must fail for two reasons.  First, the implied covenant cannot "impose substantive duties or limits on the contracting parties beyond

**United States District Court**
For the Northern District of California

1   those incorporated in the specific terms of their agreement." <u>Id.</u>

2   at 349-50. Plaintiff alleges the existence of an agreement to

3   enter into purchase discussions, not an agreement to buy Plaintiff.

4   And, as discussed in Section IV.A <u>supra</u>, the First Amended

5   Complaint indicates that Hain Celestial did in fact enter into the

6   contemplated purchase discussion. Plaintiff cannot base a claim

7   for breach of the implied covenant on allegations that Plaintiff

8   actually received the benefit of its bargain.

9         The only way this agreement could support a breach of implied

10   covenant claim is if it was an agreement for Hain Celestial to

11   later agree to buy Plaintiff -- that is, an "agreement to agree,"

12   as distinct from an agreement to negotiate. <u>See</u> <u>Copeland v. Baskin</u>

13   <u>Robbins U.S.A.</u>, 96 Cal. App. 4th 1251, 1257-58 n.10 (Cal. Ct. App.

14   2002) (explaining distinction). Plaintiff essentially alleges the

15   existence of an agreement to negotiate, an agreement which, taking

16   the allegations of the First Amended Complaint as true, Hain

17   Celestial substantially performed. Plaintiff also, however, hints

18   that its agreement with Hain Celestial amounted to an agreement to

19   later agree to purchase Plaintiff. <u>See</u> FAC ¶ 236 (alleging, inter

20   alia, that Hain Celestial "reneged on its promise to pay a fair

21   price"). To the extent that this is an agreement to agree, it is

22   invalid as a matter of law. <u>Copeland</u>, 96 Cal. App. 4th at 1257-58

23   n.10. To the extent it is merely an agreement to enter purchase

24   discussions, Plaintiff received the benefit of that bargain.

25   Either way, the implied covenant claim fails as a matter of law.

26         Accordingly, the Court GRANTS Defendants' motion to dismiss

27   claim 3 and DISMISSES that claim WITH PREJUDICE.

28   ///

D.   **False Advertising Under California Law (Claim 7) and**
**False Advertising, Misrepresentation, and Unfair**
**Competition under the Lanham Act (Claim 11)**

As in its previous Order, the Court addresses Plaintiff's state and federal false advertising claims together.  Previously, the Court dismissed Plaintiff's false advertising claims because they identified no false statements of fact.  Order at 15-16. Plaintiff has extensively revised these claims.  FAC ¶¶ 267-301 (state law claim), ¶¶ 328-37 (Lanham Act claim, incorporating allegations in state law claim).  Plaintiff now alleges that Defendants have made false statements by: (1) using the word "veggie" in the name of its Veggie Straws, Veggie Chips, and Veggie Crisps products when in fact those products are "primarily potato product[s]," see id. ¶¶ 268, 282; (2) using the word "apple" in the name of its Apple Straws product when in fact that product is a "primarily potato product," see id. ¶¶ 268, 283; (3) making various health-related claims -- for example, that Defendants' products are "the next generation in unique and better-for-you snacks" -- that mislead the public into thinking Defendants' products are healthy, see id. ¶¶ 278, 291;  and (4) on Defendants' logo, positioning the trademark "Sensible Portions" partially in front of a heart-shaped design, in a manner that misleads the public into thinking Defendants' products are healthy, see Opp'n at 17 (citing FAC ¶ 101).

While a court deciding a Rule 12(b)(6) motion must take a complaint's well-pleaded factual allegations as true, it also must determine, relying on its "judicial experience and common sense," whether those allegations amount to a "plausible" claim.  Iqbal,

1    129 S. Ct. at 1950.  Here, Plaintiff has not met <u>Iqbal</u>'s

2    plausibility requirement.  It is simply implausible -- indeed, it

3    strains the boundaries of the English language -- to say that

4    products made primarily from potatoes are not made of "veggies."

5    Similarly, Plaintiff complains of the word "apple" in the name of

6    the Apple Straws product, all the while alleging that the product

7    contains pureed apples.  FAC ¶ 271.  In both cases, Plaintiff

8    cannot credibly claim that the words "veggie" and "apple," when

9    used to describe products containing veggies and apples, are

10   "literal falsit[ies]."  <u>Id.</u> ¶¶ 282, 283.

11       Plaintiff's claim that Defendants have made actionably false

12   health claims fares no better.  A district court may determine as a

13   matter of law whether an advertising statement is mere puffery or a

14   factual, and hence actionable, statement.  <u>Coastal Abstract Serv.,</u>

15   <u>Inc. v. First Am. Title Ins. Co.</u>, 173 F.3d 725, 731 (9th Cir.

16   1999).  Actionable statements are "capable of being proved false or

17   of being reasonably interpreted as a statement of objective fact."[7]

18   <u>Id.</u>  Here, each statement identified by Plaintiff is puffery.  <u>See</u>

19   Opp'n at 14-15 (collecting statements).  To take two representative

20   examples, the statement that Defendants' products contain the

21   "right" ingredients, FAC § 277, is not capable of being proved

22   false.  Likewise, no consumer could reasonably take Defendants'

23   claim that its products are "guilt free," <u>id.</u> ¶ 278, as a statement

24   of objective fact.

25   _____

26   [7] A corollary of this rule is that Plaintiff's statements on these
     points -- for example, its statement that "[t]he relevant

27   purchasing public thinks that [Defendants'] Products are healthy,"
     FAC ¶ 291 -- are not factual allegations but rather conclusions of

28   law which are not entitled to the presumption of truth.  <u>Cf.</u> <u>Iqbal</u>,
     129 S. Ct. at 1950.

**United States District Court**
For the Northern District of California

1    Plaintiff's last argument, that the Sensible Portions logo

2   itself forms the basis of a false advertising claim because it

3   includes a heart symbol, lacks merit.  A heart symbol is not a

4   statement "capable of being proved false or of being reasonably

5   interpreted as a statement of objective fact."  <u>Coastal Abstract</u>

6   <u>Serv.</u>, 173 F.3d at 731.  Plaintiff devotes considerable time to a

7   discussion of various parts of Food and Drug Administration

8   regulations promulgated in Title 21 of the Code of Federal

9   Regulations.  Opp'n at 14-18.  This discussion is marginally

10  relevant at best because Defendants do not rely on the FDA

11  regulations and Plaintiff has not brought a claim under them.

12    Plaintiff has adequately pled facts that allow the Court to

13  ascertain the viability of Plaintiff's false advertising claims,

14  and these claims fail as a matter of law.  Accordingly, the Court

15  GRANTS Defendants' motion to dismiss claims 7 and 11 and DISMISSES

16  those claims WITH PREJUDICE.

17

18  **V.    CONCLUSION**

19    For the foregoing reasons, the Court GRANTS IN PART AND DENIES

20  IN PART the motion by Defendants World Gourmet, Inc., Hain Gourmet,

21  Inc., Hain Celestial Group, Inc., World Gourmet Marketing, LLC, and

22  Sensible Snacks, Inc. to dismiss Plaintiff Sensible Foods, LLC's

23  First Amended Complaint, and rules as follows:

24  • Plaintiff's second claim (breach of contract), third claim

25      (breach of implied covenant of good faith and fair dealing),

26      seventh claim (false advertising under California Business and

27      Professions Code section 17500), and eleventh claim (false

28      advertising, misrepresentation, and unfair competition under

the Lanham Act, 15 U.S.C. § 1125(a) et seq.) are DISMISSED
WITH PREJUDICE.

- Plaintiff's first claim (breach of implied contract) remains
  undisturbed, as do the other claims asserted in Plaintiff's
  First Amended Complaint.

The parties are hereby ordered to appear before this Court for a case management conference on Friday, March 16, 2012, at 10:00 a.m. in Courtroom One, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California.  The parties are to file one Joint Case Management Conference Statement seven days prior to the conference.

IT IS SO ORDERED.

Dated: February 21, 2012

_____
UNITED STATES DISTRICT JUDGE