1    DOUGLAS L. HENDRICKS (CA SBN 83611)
     DHendricks@mofo.com
2    NATHAN B. SABRI (CA SBN 252216)
     NSabri@mofo.com
3    DANIEL A. ZLATNIK (CA SBN 259690)
     DZlatnik@mofo.com
4    MORRISON & FOERSTER LLP
     425 Market Street
5    San Francisco, California  94105-2482
     Telephone:  415.268.7000
6    Facsimile:  415.268.7522

7    Attorneys for Defendants
     WORLD GOURMET, INC., HAIN GOURMET, INC., HAIN
8    CELESTIAL GROUP, INC., WORLD GOURMET
     MARKETING, LLC, AND SENSIBLE SNACKS, INC.
9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13

14   SENSIBLE FOODS, LLC,                    Case No. 3:11-cv-02819-SC

15                    Plaintiff,
                                             **ANSWER TO FIRST AMENDED**
16   v.                                      **COMPLAINT**

17   WORLD GOURMET, INC., HAIN GOURMET,      **JURY TRIAL DEMANDED**
     INC., HAIN CELESTIAL GROUP, INC.,
18   WORLD GOURMET MARKETING, LLC, AND
     SENSIBLE SNACKS, INC.,
19

20                    Defendants.

21

22

23

24

25

26

27

28

As their Answer to the Complaint of Plaintiff Sensible Foods, LLC ("Plaintiff"), Defendants[1] make the following answers, statements, and allegations.  Except as hereinafter expressly admitted, qualified, or otherwise answered, Defendants deny each and every allegation and assertion made in the Complaint.

1.      Answering paragraph 1 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

2.      To the extent that paragraph 2 of the First Amended Complaint contains allegations that constitute legal conclusions or statements of opinion, it does not require a response.  To the extent that paragraph 2 of the First Amended Complaint contains factual allegations, Defendants deny them.

3.      Answering paragraph 3 of the First Amended Complaint, Defendants admit that Plaintiff purported to state claims under the theories set out in paragraph 3.  Defendants deny that there is any validity to Plaintiff's claims or that Plaintiff has properly stated any claims.

4.      Answering paragraph 4 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

5.      Answering paragraph 5 of the First Amended Complaint, Defendants admit that Defendant World Gourmet Marketing, LLC is or was a New Jersey limited liability company with its principal place of business at 49 Lincoln Road, Butler, New Jersey, 07405.

6.      Answering paragraph 6 of the First Amended Complaint, on information and belief, Defendants deny that there is any relevant legal entity with the name "World Gourmet, Inc."

7.      Answering paragraph 7 of the First Amended Complaint, Defendants admit that Defendant World Gourmet Marketing, LLC issued a press release on June 26, 2008 that included

---

[1] To the extent Sensible Snacks, Inc. and/or World Gourmet, Inc. are deemed to be alternate names for World Gourmet Marketing, LLC, the undersigned appears on their behalf.

1 the statements, "The Rivard acquisition brings additional production including popcorn, caramel

2 corn, air popped technology, as well as fried and baked pellet snacks including vegetable

3 snacks" and "'The Rivard Business,' now called 'Sensible Snacks,' is highly complementary . . .

4 ."  Defendants deny that the press release included an "Inc." after the reference to "Sensible

5 Snacks," which Plaintiff has inserted in brackets, and deny the implication that a reference to a

6 business division is the same as a reference to a separate corporate entity.

7          8.      Answering paragraph 8 of the First Amended Complaint, on information and

8 belief, Defendants deny that there is any relevant legal entity with the name "Sensible Snacks,

9 Inc."

10          9.      Answering paragraph 9 of the First Amended Complaint, Defendants admit the

11 allegations.

12          10.     Answering paragraph 10 of the First Amended Complaint, Defendants deny the

13 allegations.

14          11.     Answering paragraph 11 of the First Amended Complaint, Defendants deny the

15 allegations.

16          12.     Answering paragraph 12 of the First Amended Complaint, Defendants deny the

17 allegations.

18          13.     Answering paragraph 13 of the First Amended Complaint, Defendants deny the

19 allegations.

20          14.     Answering paragraph 14 of the First Amended Complaint, admit that Defendant

21 The Hain Celestial Group, Inc. is a Delaware corporation with its principal place of business at

22 58 South Service Road, Suite 250, Melville, New York, 11747

23          15.     Answering paragraph 15 of the First Amended Complaint, Defendants admit the

24 allegations.

25          16.     Answering paragraph 16 of the First Amended Complaint, Defendants admit that

26 Defendant Hain Gourmet, Inc. is a Delaware corporation with its principal place of business at

27 58 South Service Road, Suite 250, Melville, New York, 11747.

28

1        17.    Answering paragraph 17, Defendants admit that Irwin Simon is and was at all

2  relevant times the CEO of The Hain Celestial Group, Inc.

3        18.    Answering paragraph 18 of the First Amended Complaint, Defendants deny the

4  allegations.

5        19.    Answering paragraph 19 of the First Amended Complaint, Defendants are

6  without knowledge or information sufficient to form a belief as to the truth of the allegations and

7  on that basis deny them.

8        20.    Answering paragraph 20 of the First Amended Complaint, Defendants are

9  without knowledge or information sufficient to form a belief as to the truth of the allegations and

10  on that basis deny them.

11        21.    Answering paragraph 21 of the First Amended Complaint, Defendants admit that

12  this Court has subject matter jurisdiction over this dispute.

13        22.    Paragraph 22 of the First Amended Complaint consists of legal conclusions or

14  statements of opinion and does not require a response.  Exhibit CA speaks for itself.

15        23.    Answering paragraph 23 of the First Amended Complaint, Defendants admit that

16  The Hain Celestial Group, Inc. and Hain Gourmet, Inc. are engaged in business activities in the

17  State of California.  Except as explicitly admitted herein, the allegations of paragraph 17 of the

18  First Amended Complaint are denied.

19        24.    Answering paragraph 24 of the First Amended Complaint, Defendants admit

20  venue is proper in this district.

21        25.    Answering paragraph 25 of the First Amended Complaint, Defendants are

22  without knowledge or information sufficient to form a belief as to the truth of the allegations and

23  on that basis deny them.

24        26.    Answering paragraph 26 of the First Amended Complaint, Defendants are

25  without knowledge or information sufficient to form a belief as to the truth of the allegations and

26  on that basis deny them.

27

28

1         27.     Answering paragraph 27 of the First Amended Complaint, Defendants are

2    without knowledge or information sufficient to form a belief as to the truth of the allegations and

3    on that basis deny them.

4         28.     Answering paragraph 28 of the First Amended Complaint, Defendants are

5    without knowledge or information sufficient to form a belief as to the truth of the allegations and

6    on that basis deny them.

7         29.     To the extent that paragraph 29 of the First Amended Complaint contains

8    allegations that constitute legal conclusions or statements of opinion, it does not require a

9    response.  To the extent that paragraph 29 of the First Amended Complaint contains factual

10   allegations, Defendants deny them.

11        30.     Answering paragraph 30 of the First Amended Complaint, Defendants are

12   without knowledge or information sufficient to form a belief as to the truth of the allegations and

13   on that basis deny them.

14        31.     To the extent that paragraph 31 of the First Amended Complaint contains

15   allegations that constitute legal conclusions or statements of opinion, it does not require a

16   response.  To the extent that paragraph 31 of the First Amended Complaint contains factual

17   allegations, Defendants deny them.

18        32.     Answering paragraph 32 of the First Amended Complaint, Defendants are

19   without knowledge or information sufficient to form a belief as to the truth of the allegations and

20   on that basis deny them.

21        33.     Answering paragraph 33 of the First Amended Complaint, Defendants are

22   without knowledge or information sufficient to form a belief as to the truth of the allegations and

23   on that basis deny them.

24        34.     Answering paragraph 34 of the First Amended Complaint, Defendants are

25   without knowledge or information sufficient to form a belief as to the truth of the allegations and

26   on that basis deny them.

27

28

1          35.     Answering paragraph 35 of the First Amended Complaint, Defendants are

2  without knowledge or information sufficient to form a belief as to the truth of the allegations and

3  on that basis deny them.

4          36.     Answering paragraph 36 of the First Amended Complaint, Defendants are

5  without knowledge or information sufficient to form a belief as to the truth of the allegations and

6  on that basis deny them.

7          37.     To the extent that paragraph 37 of the First Amended Complaint contains

8  allegations that constitute legal conclusions or statements of opinion, it does not require a

9  response.  To the extent that paragraph 37 of the First Amended Complaint contains factual

10  allegations, Defendants deny them.

11          38.     Answering paragraph 38 of the First Amended Complaint, Defendants are

12  without knowledge or information sufficient to form a belief as to the truth of the allegations and

13  on that basis deny them.

14          39.     To the extent that paragraph 39 of the First Amended Complaint contains

15  allegations that constitute legal conclusions or statements of opinion, it does not require a

16  response.  To the extent that paragraph 39 of the First Amended Complaint contains factual

17  allegations, Defendants deny them.

18          40.     Answering paragraph 40 of the First Amended Complaint, Defendants are

19  without knowledge or information sufficient to form a belief as to the truth of the allegations and

20  on that basis deny them.

21          41.     Answering paragraph 41 of the First Amended Complaint, Defendants are

22  without knowledge or information sufficient to form a belief as to the truth of the allegations and

23  on that basis deny them.

24          42.     Answering paragraph 42 of the First Amended Complaint, Defendants are

25  without knowledge or information sufficient to form a belief as to the truth of the allegations and

26  on that basis deny them.

27

28

43.     Answering paragraph 43 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

44.     Answering paragraph 44 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

45.     Answering paragraph 45 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

46.     Answering paragraph 46 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

47.     Answering paragraph 47 of the First Amended Complaint, Defendants admit that Defendant The Hain Celestial Group, Inc. reported revenues of over $917 million for the fiscal year ending June 30, 2010, and has over 2,000 employees.  Defendants deny the remaining allegations in paragraph 47.

48.     Answering paragraph 48 of the First Amended Complaint, Defendants admit that the trademark MAMMA'S, U.S. Registration No. 2,917,109, was registered on January 11, 2005.

49.     Answering paragraph 49 of the First Amended Complaint, Defendants admit the allegations.

50.     Answering paragraph 50 of the First Amended Complaint, Defendants admit that World Gourmet Marketing, LLC claimed December 2003 as the date of first use and first use in commerce when applying to register the MAMMA'S trademark.  Defendants deny the remaining allegations in paragraph 50, including the implication that designation of a month is equivalent to designation of "one of the thirty-one days" within that month.

51.     Answering paragraph 51 of the First Amended Complaint, Defendants admit the allegations.

52. Answering paragraph 52 of the First Amended Complaint, Defendants admit the allegations.

53. Answering paragraph 53 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

54. Answering paragraph 54 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

55. Answering paragraph 55 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

56. Answering paragraph 56 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

57. Answering paragraph 57 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

58. Answering paragraph 58 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

59. Answering paragraph 59 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

60. Answering paragraph 60 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

61. To the extent that paragraph 61 contains allegations that constitute legal conclusions, in particular with respect to "establishing an 'intent-to-use' status," it does not

1   require a response.   Defendants admit that Defendant World Gourmet Marketing, LLC, filed a

2   trademark application as set out in paragraph 61.

3          62.     Answering paragraph 62 of the First Amended Complaint, Defendants admit the

4   allegations.

5          63.     Answering paragraph 63 of the First Amended Complaint, Defendants state that

6   U.S. Application No. 78/596,051 speaks for itself.

7          64.     Answering paragraph 64 of the First Amended Complaint, Defendants state that

8   U.S. Application No. 78/596,051 speaks for itself.

9          65.     Answering paragraph 65 of the First Amended Complaint, Defendants state that

10  U.S. Application No. 78/596,051 speaks for itself.

11         66.     Answering paragraph 66 of the First Amended Complaint, Defendants state that

12  U.S. Application No. 78/596,051 speaks for itself.

13         67.     Answering paragraph 66 of the First Amended Complaint, Defendants state that

14  the referenced TTAB Board Order speaks for itself.  The remainder of paragraph 66, in

15  particular the statement "Serial No. 78596051 is WGM App. No. '051 due to the Acquisition

16  and Assignment," is vague and ambiguous and not capable of response, and Defendants deny on

17  that basis.

18         68.     Answering paragraph 68 of the First Amended Complaint, Defendants state that

19  U.S. Application No. 78/596,051 speaks for itself.  Defendants admit that the signatory of the

20  above-referenced application signed a declaration as part of the application process containing

21  the language quoted in paragraph 68.

22         69.     To the extent that paragraph 69 of the First Amended Complaint contains

23  allegations that constitute legal conclusions or statements of opinion, it does not require a

24  response.  To the extent that paragraph 69 of the First Amended Complaint contains factual

25  allegations, Defendants deny them.

26         70.     To the extent that paragraph 70 of the First Amended Complaint contains

27  allegations that constitute legal conclusions or statements of opinion, it does not require a

28

1    response.  To the extent that paragraph 70 of the First Amended Complaint contains factual

2    allegations, Defendants deny them.

3         71.    To the extent that paragraph 71 of the First Amended Complaint contains

4    allegations that constitute legal conclusions or statements of opinion, it does not require a

5    response.  To the extent that paragraph 71 of the First Amended Complaint contains factual

6    allegations, Defendants deny them.

7         72.    To the extent that paragraph 72 of the First Amended Complaint contains

8    allegations that constitute legal conclusions or statements of opinion, it does not require a

9    response.  To the extent that paragraph 72 of the First Amended Complaint contains factual

10   allegations, Defendants deny them.

11        73.    Answering paragraph 73 of the First Amended Complaint, Defendants deny that a

12   Notice of Allowance issued from the USPTO to all Defendants.  Defendants admit that a Notice

13   of Allowance issued to World Gourmet Marketing, LLC on July 18, 2006 containing the

14   language quoted in Paragraph 73.  Except as explicitly admitted herein, the allegations of

15   paragraph 73 of the First Amended Complaint are denied.

16        74.    Answering paragraph 74 of the First Amended Complaint, Defendants deny that

17   Defendants collectively submitted a Statement of Use to the USPTO.  Defendants admit that

18   World Gourmet Marketing, LLC submitted a Statement of Use to the USPTO with the

19   mail/create date and description quoted in paragraph 74.  Except as explicitly admitted herein,

20   the allegations of paragraph 74 of the First Amended Complaint are denied.

21        75.    Answering paragraph 75 of the First Amended Complaint, Defendants are

22   without knowledge or information sufficient to form a belief as to the truth of the allegations and

23   on that basis deny them.

24        76.    Answering paragraph 76 of the First Amended Complaint, Defendants are

25   without knowledge or information sufficient to form a belief as to the truth of the allegations and

26   on that basis deny them.

27

28

77.     Answering paragraph 77 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

78.     Answering paragraph 78 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

79.     Answering paragraph 79 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

80.     Answering paragraph 80 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

81.     To the extent that paragraph 81 of the First Amended Complaint contains allegations that constitute legal conclusions or statements of opinion, it does not require a response.  To the extent that paragraph 81 of the First Amended Complaint contains factual allegations, Defendants deny them.

82.     To the extent that paragraph 82 of the First Amended Complaint contains allegations that constitute legal conclusions or statements of opinion, it does not require a response.  To the extent that paragraph 82 of the First Amended Complaint attempts to create arbitrary distinctions between "brand" and "tag line," Defendants deny them.  Defendants admit that the SOU as defined in the First Amended Complaint depicts a WORLD GOURMET logo with a ™ symbol and a SENSIBLE PORTIONS logo with a ™ symbol.

83.     To the extent that paragraph 83 of the First Amended Complaint contains allegations that constitute legal conclusions or statements of opinion, it does not require a response.  To the extent that paragraph 83 of the First Amended Complaint contains factual allegations, Defendants admit that on August 10, 2006, World Gourmet Marketing, LLC, filed a Statement of Use stating a first use date of July 1, 2003.  Except as explicitly admitted herein, the allegations of paragraph 84 of the First Amended Complaint are denied.

84.     To the extent that paragraph 84 of the First Amended Complaint contains allegations that constitute legal conclusions or statements of opinion, it does not require a response.  To the extent that paragraph 84 of the First Amended Complaint contains factual allegations, Defendants admit that on August 10, 2006, World Gourmet Marketing, LLC, filed a Statement of Use stating a first use date of July 1, 2003.  Except as explicitly admitted herein, the allegations of paragraph 84 of the First Amended Complaint are denied.

85.     To the extent that paragraph 85 of the First Amended Complaint contains allegations that constitute legal conclusions or statements of opinion, it does not require a response.  Defendants admit that on or about January 2, 2007, the USPTO issued a registration certificate covering the SENSIBLE PORTIONS trademark to World Gourmet Marketing, LLC, with the Registration No. 3,195,083.

86.     Answering paragraph 86 of the First Amended Complaint, Defendants admit that Defendant World Gourmet Marketing, LLC filed an application to register the mark SENSIBLE SNACKS with the USPTO on or about June 22, 2007.  Except as explicitly admitted herein, the allegations of paragraph 86 of the First Amended Complaint are denied.

87.     Answering paragraph 87 of the First Amended Complaint, Defendants admit that the Examining Attorney assigned to Application Serial No. 77/210,120 issued an office action containing the quoted language.  Except as explicitly admitted herein, the allegations of paragraph 87 of the First Amended Complaint are denied.

88.     Answering paragraph 88 of the First Amended Complaint, Defendants admit that the Examining Attorney assigned to Application Serial No. 77/210,120 issued an office action containing the quoted language.  Except as explicitly admitted herein, the allegations of paragraph 88 of the First Amended Complaint are denied.

89.     Answering paragraph 89 of the First Amended Complaint, Defendants admit that the Examining Attorney assigned to Application Serial No. 77/210,120 issued an office action containing the quoted language. Except as explicitly admitted herein, the allegations of paragraph 89 of the First Amended Complaint are denied.

90.     Answering paragraph 90 of the First Amended Complaint, Defendants admit that the Examining Attorney assigned to Application Serial No. 77/210,120 issued an office action containing the quoted language.  Except as explicitly admitted herein, the allegations of paragraph 90 of the First Amended Complaint are denied.

91.     Answering paragraph 91 of the First Amended Complaint, Defendants admit that the Examining Attorney assigned to Application Serial No. 77/210,120 issued an office action containing the quoted language.  Except as explicitly admitted herein, the allegations of paragraph 91 of the First Amended Complaint are denied.

92.     Answering paragraph 92 of the First Amended Complaint, Defendants admit that the Examining Attorney assigned to Application Serial No. 77/210,120 issued an office action containing the quoted language.  Except as explicitly admitted herein, the allegations of paragraph 92 of the First Amended Complaint are denied.

93.     Answering paragraph 93 of the First Amended Complaint, Defendants admit that the Examining Attorney assigned to Application Serial No. 77/210,120 issued an office action containing the quoted language.  Except as explicitly admitted herein, the allegations of paragraph 93 of the First Amended Complaint are denied.

94.     Answering paragraph 94 of the First Amended Complaint, Defendants admit that the Examining Attorney assigned to Application Serial No. 77/210,120 issued an office action containing the quoted language.  Except as explicitly admitted herein, the allegations of paragraph 94 of the First Amended Complaint are denied.

95.     Answering paragraph 95 of the First Amended Complaint, Defendants admit the allegation.

96.     Answering paragraph 96 of the First Amended Complaint, Defendants deny the allegations.

97.     Answering paragraph 97 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

1    98.    Answering paragraph 98 of the First Amended Complaint, Defendants deny the

2    allegations.

3    99.    Answering paragraph 99 of the First Amended Complaint, Defendants deny the

4    allegations.

5    100.    Answering paragraph 100 of the First Amended Complaint, Defendants deny the

6    allegations.

7    101.    Answering paragraph 101 of the First Amended Complaint, Defendants respond

8    that the documents referenced therein speak for themselves.

9    102.    Answering paragraph 102 of the First Amended Complaint, Defendants respond

10   that the documents referenced therein speak for themselves.

11   103.    To the extent that paragraph 103 of the First Amended Complaint contains

12   allegations that constitute legal conclusions or statements of opinion, it does not require a

13   response.  To the extent that paragraph 103 of the First Amended Complaint contains factual

14   allegations, Defendants admit them.

15   104.    To the extent that paragraph 104 of the First Amended Complaint contains

16   allegations that constitute legal conclusions or statements of opinion, it does not require a

17   response.  To the extent that paragraph 104 of the First Amended Complaint contains factual

18   allegations, Defendants admit them.

19   105.    Answering paragraph 105 of the First Amended Complaint, Defendants respond

20   that the document referenced therein speaks for itself.

21   106.    Answering paragraph 106 of the First Amended Complaint, Defendants deny that

22   all Defendants are presently selling every one of the listed items.

23   107.    Answering paragraph 107 of the First Amended Complaint, Defendants admit the

24   allegations.

25   108.    Answering paragraph 108 of the First Amended Complaint, Defendants are

26   without knowledge or information sufficient to form a belief as to the truth of the allegations and

27   on that basis deny them.

28

109.     Answering paragraph 109 of the First Amended Complaint, Defendants deny the allegations.

110.     Answering paragraph 110 of the First Amended Complaint, Defendants respond that the documents referenced therein speak for themselves.

111.     Answering paragraph 111 of the First Amended Complaint, Defendants respond that the documents referenced therein speak for themselves.

112.     Answering paragraph 112 of the First Amended Complaint, Defendants deny the allegations.

113.     Answering paragraph 113 of the First Amended Complaint, Defendants respond that the documents referenced therein speak for themselves.

114.     Answering paragraph 114 of the First Amended Complaint, Defendants admit the allegations.

115.     Answering paragraph 115 of the First Amended Complaint, Defendants admit that Defendant World Gourmet Marketing, LLC filed on August 13, 2010 a request with the Trademark Trial and Appeal Board ("TTAB") to stay an action pending before the TTAB, Opposition No. 91195262, with the consent of Plaintiff.

116.     Answering paragraph 116 of the First Amended Complaint, Defendants respond that the document referenced therein speaks for itself.

117.     Answering paragraph 117 of the First Amended Complaint, Defendants admit that Plaintiff filed a Combined Notice of Opposition and Petition for Cancellation before the TTAB on November 25, 2010.  Except as explicitly admitted herein, the allegations of paragraph 117 of the First Amended Complaint are denied.

118.     Answering paragraph 118 of the First Amended Complaint, Defendants respond that the documents referenced therein speak for themselves.

119.     To the extent that paragraph 119 of the First Amended Complaint contains allegations that constitute legal conclusions or statements of opinion, it does not require a response.  To the extent that paragraph 119 contains factual allegations, Defendants admit that The Hain Celestial Group, Inc. and Hain Gourmet, Inc. attended the KeHe Distributor Show in

1    Dallas, Texas in February 2011.  Except as explicitly admitted herein, the allegations of

2    paragraph 119 of the First Amended Complaint are denied.

3         120.    Answering paragraph 120 of the First Amended Complaint, Defendants deny the

4    allegations.

5         121.    Answering paragraph 121 of the First Amended Complaint, Defendants are

6    without knowledge or information sufficient to form a belief as to the truth of the allegations and

7    on that basis deny them.

8         122.    Answering paragraph 122 of the First Amended Complaint, Defendants are

9    without knowledge or information sufficient to form a belief as to the truth of the allegations and

10   on that basis deny them.

11        123.    Answering paragraph 123 of the First Amended Complaint, Defendants deny the

12   allegations.

13        124.    Answering paragraph 124 of the First Amended Complaint, Defendants deny the

14   allegations.

15        125.    Answering paragraph 125 of the First Amended Complaint, Defendants admit

16   that Defendant World Gourmet Marketing, LLC, registered the domain name

17   www.soycrisps.com on or about October 18, 2002.  Except as explicitly admitted herein, the

18   allegations of paragraph 125 of the First Amended Complaint are denied.

19        126.    Answering paragraph 126 of the First Amended Complaint, Defendants admit

20   that Defendant World Gourmet Marketing, LLC, registered the domain name

21   www.wgourmet.com on or about September 14, 2005.  Except as explicitly admitted herein, the

22   allegations of paragraph 126 of the First Amended Complaint are denied.

23        127.    Answering paragraph 127 of the First Amended Complaint, Defendants admit

24   that Defendant World Gourmet Marketing, LLC registered the domain name

25   www.sensibleportions.com on or about September 14, 2005.  Except as explicitly admitted

26   herein, the allegations of paragraph 127 of the First Amended Complaint are denied.

27        128.    Answering paragraph 128 of the First Amended Complaint, Defendants deny the

28   allegations.

1    129.   Answering paragraph 129 of the First Amended Complaint, Defendants are

2    without knowledge or information sufficient to form a belief as to the truth of the allegations and

3    on that basis deny them.

4    130.   Answering paragraph 130 of the First Amended Complaint, Defendants deny the

5    allegations.

6    131.   Answering paragraph 131 of the First Amended Complaint, Defendants admit

7    that they have conducted certain product recalls between the dates April 19, 2007 and March 19,

8    2008.  Defendants deny the remaining allegations of paragraph 131.

9    132.   Answering paragraph 132 of the First Amended Complaint, Defendants admit the

10   allegation.

11   133.   Answering paragraph 133 of the First Amended Complaint, Defendants deny the

12   allegations.

13   134.   Answering paragraph 134 of the First Amended Complaint, Defendants are

14   without knowledge or information sufficient to form a belief as to the truth of the allegations and

15   on that basis deny them.

16   135.   Answering paragraph 135 of the First Amended Complaint, Defendants are

17   without knowledge or information sufficient to form a belief as to the truth of the allegations and

18   on that basis deny them.

19   136.   Answering paragraph 136 of the First Amended Complaint, Defendants are

20   without knowledge or information sufficient to form a belief as to the truth of the allegations and

21   on that basis deny them.

22   137.   Answering paragraph 137 of the First Amended Complaint, Defendants are

23   without knowledge or information sufficient to form a belief as to the truth of the allegations and

24   on that basis deny them.

25   138.   Answering paragraph 138 of the First Amended Complaint, Defendants are

26   without knowledge or information sufficient to form a belief as to the truth of the allegations and

27   on that basis deny them.

28

1      139.    Answering paragraph 139 of the First Amended Complaint, Defendants are

2  without knowledge or information sufficient to form a belief as to the truth of the allegations and

3  on that basis deny them.

4      140.    Answering paragraph 140 of the First Amended Complaint, Defendants deny the

5  allegations.

6      141.    Answering paragraph 141 of the First Amended Complaint, Defendants are

7  without knowledge or information sufficient to form a belief as to the truth of the allegations and

8  on that basis deny them.

9      142.    Answering paragraph 142 of the First Amended Complaint, Defendants are

10  without knowledge or information sufficient to form a belief as to the truth of the allegations and

11  on that basis deny them.

12      143.    Answering paragraph 143 of the First Amended Complaint, Defendants are

13  without knowledge or information sufficient to form a belief as to the truth of the allegations and

14  on that basis deny them.

15      144.    Answering paragraph 144 of the First Amended Complaint, Defendants are

16  without knowledge or information sufficient to form a belief as to the truth of the allegations and

17  on that basis deny them.

18      145.    Answering paragraph 145 of the First Amended Complaint, Defendants are

19  without knowledge or information sufficient to form a belief as to the truth of the allegations and

20  on that basis deny them.

21      146.    Answering paragraph 146 of the First Amended Complaint, Defendants are

22  without knowledge or information sufficient to form a belief as to the truth of the allegations and

23  on that basis deny them.

24      147.    Answering paragraph 147 of the First Amended Complaint, Defendants are

25  without knowledge or information sufficient to form a belief as to the truth of the allegations and

26  on that basis deny them.

27

28

148.    Answering paragraph 148 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

149.    Answering paragraph 149 of the First Amended Complaint, Defendants deny the allegations.

150.    Answering paragraph 150 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

151.    Answering paragraph 151 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

152.    Answering paragraph 152 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

153.    Answering paragraph 153 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

154.    Answering paragraph 154 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

155.    Answering paragraph 155 of the First Amended Complaint, Defendants deny the allegations.

156.    Answering paragraph 156 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

157.    Answering paragraph 157 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

158.   Answering paragraph 158 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

159.   Answering paragraph 159 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

160.   Answering paragraph 160 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

161.   Answering paragraph 161 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

162.   Answering paragraph 162 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

163.   Answering paragraph 163 of the First Amended Complaint, Defendants admit the allegations.

164.   Answering paragraph 164 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

165.   Answering paragraph 165 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

166.   Answering paragraph 166 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

1    167.   Answering paragraph 167 of the First Amended Complaint, Defendants are

2  without knowledge or information sufficient to form a belief as to the truth of the allegations and

3  on that basis deny them.

4    168.   Answering paragraph 168 of the First Amended Complaint, Defendants are

5  without knowledge or information sufficient to form a belief as to the truth of the allegations and

6  on that basis deny them.

7    169.   Answering paragraph 169 of the First Amended Complaint, Defendants are

8  without knowledge or information sufficient to form a belief as to the truth of the allegations and

9  on that basis deny them.

10    170.   Answering paragraph 170 of the First Amended Complaint, Defendants are

11  without knowledge or information sufficient to form a belief as to the truth of the allegations and

12  on that basis deny them.

13    171.   Answering paragraph 171 of the First Amended Complaint, Defendants are

14  without knowledge or information sufficient to form a belief as to the truth of the allegations and

15  on that basis deny them.

16    172.   Answering paragraph 172 of the First Amended Complaint, Defendants are

17  without knowledge or information sufficient to form a belief as to the truth of the allegations and

18  on that basis deny them.

19    173.   Answering paragraph 173 of the First Amended Complaint, Defendants are

20  without knowledge or information sufficient to form a belief as to the truth of the allegations and

21  on that basis deny them.

22    174.   Answering paragraph 174 of the First Amended Complaint, Defendants are

23  without knowledge or information sufficient to form a belief as to the truth of the allegations and

24  on that basis deny them.

25    175.   Answering paragraph 175 of the First Amended Complaint, Defendants are

26  without knowledge or information sufficient to form a belief as to the truth of the allegations and

27  on that basis deny them.

28

1    176.    Answering paragraph 176 of the First Amended Complaint, Defendants are
2    without knowledge or information sufficient to form a belief as to the truth of the allegations and
3    on that basis deny them.

4    177.    Answering paragraph 177 of the First Amended Complaint, Defendants are
5    without knowledge or information sufficient to form a belief as to the truth of the allegations and
6    on that basis deny them.

7    178.    Answering paragraph 178 of the First Amended Complaint, Defendants are
8    without knowledge or information sufficient to form a belief as to the truth of the allegations and
9    on that basis deny them.

10    179.    Answering paragraph 179 of the First Amended Complaint, Defendants are
11    without knowledge or information sufficient to form a belief as to the truth of the allegations and
12    on that basis deny them.

13    180.    Answering paragraph 180 of the First Amended Complaint, Defendants
14    incorporate by reference the paragraphs above.

15    181.    Answering paragraph 181 of the First Amended Complaint, Defendants admit
16    that Plaintiff filed a Notice of Opposition on June 12, 2010 and filed a Motion to Amend
17    Pleading on June 23, 2010.

18    182.    Answering paragraph 182 of the First Amended Complaint, Defendants admit the
19    allegations.

20    183.    Answering paragraph 183 of the First Amended Complaint, Defendants admit the
21    allegations.

22    184.    Answering paragraph 184 of the First Amended Complaint, Defendants deny the
23    allegations.

24    185.    Answering paragraph 185 of the First Amended Complaint, Defendants are
25    without knowledge or information sufficient to form a belief as to the truth of the allegations and
26    on that basis deny them.

27

28

186.   Answering paragraph 186 of the First Amended Complaint, Defendants admit that Mr. Simon, reinforced by Ms. Faltischeck, represented that Hain Celestial would prefer to find a business solution.  Defendants deny that there is any relevant individual named Mr. Irwin.

187.   Answering paragraph 187 of the First Amended Complaint, Defendants deny the allegations.

188.   Answering paragraph 188 of the First Amended Complaint, Defendants deny the allegations.

189.   Answering paragraph 189 of the First Amended Complaint, Defendants deny the allegations.

190.   Answering paragraph 190 of the First Amended Complaint, Defendants admit that the Parties agreed to stay the TTAB Proceedings pending settlement discussion.  Defendants deny the remaining allegations.

191.   Answering paragraph 191 of the First Amended Complaint, Defendants deny the allegations.

192.   Answering paragraph 192 of the First Amended Complaint, Defendants deny the allegations.

193.   Answering paragraph 193 of the First Amended Complaint, Defendants deny the allegations.

194.   Answering paragraph 194 of the First Amended Complaint, Defendants deny the allegations.

195.   Answering paragraph 195 of the First Amended Complaint, Defendants deny the allegations.

196.   Answering paragraph 196 of the First Amended Complaint, Defendants deny the allegations.

197.   Answering paragraph 197 of the First Amended Complaint, Defendants deny the allegations.

198.   Answering paragraph 198 of the First Amended Complaint, Defendants deny the allegations.

1    199.   Answering paragraph 199 of the First Amended Complaint, Defendants deny the

2    allegations.

3    200.   Paragraphs 200 through 244 relate to causes of action that were dismissed by the

4    Court, and for that reason, Defendants do not answer them.

5    201.   Answering paragraph 245 of the First Amended Complaint, Defendants

6    incorporate by reference the paragraphs above.

7    202.   Answering paragraph 246 of the First Amended Complaint, Defendants deny the

8    allegations.

9    203.   Answering paragraph 247 of the First Amended Complaint, Defendants deny the

10   allegations.

11   204.   Answering paragraph 248 of the First Amended Complaint, Defendants deny the

12   allegations.

13   205.   Answering paragraph 249 of the First Amended Complaint, Defendants deny the

14   allegations.

15   206.   Answering paragraph 250 of the First Amended Complaint, Defendants deny the

16   allegations.

17   207.   Answering paragraph 251 of the First Amended Complaint, Defendants deny the

18   allegations.

19   208.   Answering paragraph 252 of the First Amended Complaint, Defendants deny the

20   allegations.

21   209.   Answering paragraph 253 of the First Amended Complaint, Defendants deny the

22   allegations.

23   210.   Answering paragraph 254 of the First Amended Complaint, Defendants deny the

24   allegations.

25   211.   Answering paragraph 255 of the First Amended Complaint, Defendants deny the

26   allegations.

27   212.   Answering paragraph 256 of the First Amended Complaint, Defendants deny the

28   allegations.

1    213.    Answering paragraph 257 of the First Amended Complaint, Defendants deny the
2    allegations.

3    214.    Answering paragraph 258 of the First Amended Complaint, Defendants deny the
4    allegations.

5    215.    Answering paragraph 259 of the First Amended Complaint, Defendants deny the
6    allegations.

7    216.    Answering paragraph 260 of the First Amended Complaint, Defendants deny the
8    allegations.

9    217.    Answering paragraph 261 of the First Amended Complaint, Defendants
10   incorporate by reference the paragraphs above.

11   218.    Answering paragraph 262 of the First Amended Complaint, Defendants deny the
12   allegations.

13   219.    Answering paragraph 263 of the First Amended Complaint, Defendants deny the
14   allegations..

15   220.    Answering paragraph 264 of the First Amended Complaint, Defendants deny the
16   allegations.

17   221.    Answering paragraph 265 of the First Amended Complaint, Defendants
18   incorporate by reference the paragraphs above.

19   222.    Answering paragraph 266 of the First Amended Complaint, Defendants deny the
20   allegations.

21   223.    Paragraphs 267 through 301 relate to causes of action that were dismissed by the
22   Court, and for that reason, Defendants do not answer them.

23   224.    Answering paragraph 302 of the First Amended Complaint, Defendants
24   incorporate by reference the paragraphs above.

25   225.    Answering paragraph 303 of the First Amended Complaint, Defendants admit
26   that Plaintiff owns a trademark registration for SENSIBLE FOODS, but has insufficient
27   information to admit or deny the remaining allegations, and denies them on that basis.

28

226. Answering paragraph 304 of the First Amended Complaint, Defendants deny the allegations.

227. Answering paragraph 305 of the First Amended Complaint, Defendants deny the allegations.

228. Answering paragraph 306 of the First Amended Complaint, Defendants deny the allegations.

229. Answering paragraph 307 of the First Amended Complaint, Defendants deny the allegations.

230. Answering paragraph 308 of the First Amended Complaint, Defendants incorporate by reference the paragraphs above.

231. Answering paragraph 309 of the First Amended Complaint, Defendants deny the allegations.

232. Answering paragraph 310 of the First Amended Complaint, Defendants deny the allegations.

233. Answering paragraph 311 of the First Amended Complaint, Defendants deny the allegations.

234. Answering paragraph 312 of the First Amended Complaint, Defendants deny the allegations.

235. Answering paragraph 313 of the First Amended Complaint, Defendants deny the allegations.

236. Answering paragraph 314 of the First Amended Complaint, Defendants incorporate by reference the paragraphs above.

237. Answering paragraph 315 of the First Amended Complaint, Defendants admit that Plaintiff purports to have stated a claim under the Lanham Act, but denies that it has sufficiently stated or a claim or that such claim is valid.

238. Answering paragraph 316 of the First Amended Complaint, Defendants deny the allegations.

1      239.   Answering paragraph 317 of the First Amended Complaint, Defendants

2  incorporate by reference the paragraphs above.

3      240.   Answering paragraph 318 of the First Amended Complaint, Defendants admit

4  that Plaintiff purports to have stated a claim under the Lanham Act, but denies that it has

5  sufficiently stated or a claim or that such claim is valid.

6      241.   Answering paragraph 319 of the First Amended Complaint, Defendants deny the

7  allegations.

8      242.   Answering paragraph 320 of the First Amended Complaint, Defendants deny the

9  allegations.

10      243.   Answering paragraph 321 of the First Amended Complaint, Defendants deny the

11  allegations.

12      244.   Answering paragraph 322 of the First Amended Complaint, Defendants deny the

13  allegations.

14      245.   Answering paragraph 323 of the First Amended Complaint, Defendants

15  incorporate by reference the paragraphs above.

16      246.   Answering paragraph 324 of the First Amended Complaint, Defendants admit

17  that Plaintiff purports to have stated a claim under the Lanham Act, but denies that it has

18  sufficiently stated or a claim or that such claim is valid.

19      247.   Answering paragraph 325 of the First Amended Complaint, Defendants deny the

20  allegations.

21      248.   Answering paragraph 326 of the First Amended Complaint, Defendants deny the

22  allegations.

23      249.   Answering paragraph 327 of the First Amended Complaint, Defendants deny the

24  allegations.

25      250.   Paragraphs 328 through 337 relate to causes of action that were dismissed by the

26  Court, and for that reason, Defendants do not answer them.

27      251.   Answering paragraph 338 of the First Amended Complaint, Defendants

28  incorporate by reference the paragraphs above.

252.   Answering paragraph 339 of the First Amended Complaint, Defendants deny the allegations.

253.   Answering paragraph 340 of the First Amended Complaint, Defendants deny the allegations.

254.   Answering paragraph 341 of the First Amended Complaint, Defendants deny the allegations.

255.   Answering paragraph 342 of the First Amended Complaint, Defendants deny the allegations.

256.   Answering paragraph 343 of the First Amended Complaint, Defendants deny the allegations.

257.   Answering paragraph 344 of the First Amended Complaint, Defendants deny the allegations.

258.   Answering paragraph 345 of the First Amended Complaint, Defendants deny the allegations.

**AFFIRMATIVE DEFENSES**

Defendant states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest on Plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint, and each cause of action attempted to be set forth therein, fails to state facts sufficient to constitute a claim against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Support Punitive Damages)**

The Complaint, and each cause of action attempted to be set forth therein, fails to state facts sufficient to support an award of punitive damages.

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

1

**FOURTH AFFIRMATIVE DEFENSE**

2

**(Lack of Standing)**

3        Plaintiff's claims, or some of them, are barred in whole or in part because Plaintiff lacks

4    standing.

5

**FIFTH AFFIRMATIVE DEFENSE**

6

**(No Unlawful or Unfair Acts)**

7        To the extent that Plaintiff proves that Defendants conducted any of the activities alleged

8    in the Complaint, those activities were not and are not unlawful or unfair within the meaning of

9    California Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.*

10

**SIXTH AFFIRMATIVE DEFENSE**

11

**(Equitable Defenses)**

12        Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands,

13    waiver, estoppel, and laches.

14        Defendants hereby give notice that they intend to rely upon any additional defense that

15    becomes available or apparent during discovery or otherwise, and thus reserve the right to amend

16    this answer to assert such additional defenses.

17        WHEREFORE, Defendants prays that judgment be entered against Plaintiff and in favor

18    of Defendants:

19        1.        Ordering that Plaintiff takes nothing from Defendants by virtue of the Complaint;

20        2.        Denying Plaintiff's requests for declaratory judgments;

21        3.        Denying Plaintiff's request for trademark cancellation;

22        4.        Awarding Defendants their costs of suit incurred herein;

23        5.        Awarding Defendants such attorneys' fees as may be allowed by applicable law;

24    and

25        6.        Awarding Defendants such other and further relief as the Court may deem just and

26    equitable under the circumstances.

27

28

1   Dated:  March 6, 2012                    DOUGLAS L. HENDRICKS
                                             NATHAN B. SABRI
2                                            MORRISON & FOERSTER LLP

3

4                                            By:   */s/ Douglas L. Hendricks*
                                                   DOUGLAS L. HENDRICKS
5
                                             Attorneys for Defendants
6                                            WORLD GOURMET, INC., HAIN
                                             GOURMET, INC., HAIN CELESTIAL
7                                            GROUP, INC., WORLD GOURMET
                                             MARKETING, LLC, AND SENSIBLE
8                                            SNACKS, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28